397 P.2d 448

Julia C. BURNS, Petitioner,

v.

The SUPERIOR COURT OF PIMA COUN-
TY, Honorable Lee Garrett, and the Valley
National Bank of Arizona, as Executor of
the Estate of Dorothy Davidson Miller, De-
ceased, Respondents.

No. 8534.

Supreme Court of Arizona.

En Banc.

Dec. 16, 1964.

Dowdall, Harris & Brown, by Ray C. Brown, Tucson, for petitioner.

Johnson, Darrow, D'Antonio, Hayes & Morales, by J. Mercer Johnson, Tucson, for respondents.

SCRUGGS, Justice.

This matter came before us on the petition for writ of mandamus of Julia C. Burns to compel the respondents, The Superior Court of Pima County, Honorable Lee Garrett, and The Valley National Bank of Arizona, as Executor of the Estate of Dorothy Davidson Miller, Deceased, to order The Valley National Bank of Arizona to deliver possession of the real property commonly known as 2517 E. Seneca Street, Tucson, Arizona, to the petitioner as devisee of said property. After a hearing, we issued an alternative writ.

The facts upon which the writ was issued are:

The petitioner, Julia C. Burns, is named as a devisee under the Last Will and Tes-

tament of Dorothy Davidson Miller, Deceased, and The Valley National Bank of Arizona, hereinafter referred to as "Executor," is named as Executor of the Estate of Dorothy Davidson Miller, Deceased, for the real property in interest.

On the 30th day of September, 1964, pursuant to A.R.S. § 14–651, the petitioner sought to have delivered to her the possession of a parcel of real property known as 2517 E. Seneca Street, Tucson, Arizona, devised to her under the aforesaid Will. At that time, the time for presentation of claims against the estate had expired; the estate contained cash or cash equivalents in the sum of $26,551.04 in the hands of the Executor; the maximum amount of claims against the estate was $6,000.00; and the real property was vacant and producing no income.

At the time of filing her petition for possession, the petitioner was indebted and presently is indebted to the estate aforesaid in the sum of $7,646.37 for an obligation owed to the decedent, which indebtedness is an asset of the estate. The record discloses that prior to filing her petition for possession, the petitioner, seeking to have distributed to her the identical property which is the subject matter of the proceedings, filed a petition for distribution before final settlement pursuant to provisions of A.R.S. § 14–652, which petition was denied. No appeal from that order was taken and the time therefor has expired. The respondents contend that the denial of this petition is res judicata of the issues raised on the petition here; and that since no appeal was taken, that determination is final.

■■ The distribution before final settlement provided for in A.R.S. § 14–652 is a distinct and separate proceeding from the delivery of possession provided for in A.R.S. § 14–651. Because of this distinction, the acts of the court in disposing of any petition under A.R.S. § 14–652 can have no effect upon a petition presented to the court under A.R.S. § 14–651. Hence, the contention of the Executor that the determination by the respondent court on the petition for distribution is res judicata of the matter for which relief is sought in the petition for mandamus now before us is without merit.

A.R.S. § 14–651 reads as follows:

"When the time for presentation of claims against the estate has expired, the court shall order the executor or administrator to deliver possession of all the real property to the heirs at law or devisees, unless it appears to the court necessary that the rents, issues and profits of the real property be received for a longer period by the executor or administrator to pay debts of decedent, or that it will probably be necessary to sell the property for payment of such debts."

A writ of mandamus is a proper remedy to compel public officers, including judges of the inferior courts, to perform an act which the law specifically enjoins as a duty arising out of the office. State v. Phelps, 67 Ariz. 215, 193 P.2d 921. It is an extraordinary remedy designed to expedite matters where the applicant has an immediate and complete right to the thing demanded. Emery v. Superior Court, 89 Ariz. 246, 360 P.2d 1025. It is issued to compel the performance of an act which the law especially enjoins as a duty arising out of the office. Graham v. Moore, 56 Ariz. 106, 105 P.2d 962. Here it is established that the Executor has cash or cash equivalents to pay all of the debts of the decedent and that the time for presentation of claims against the estate has expired, and the Executor is no longer in need of the rents, issues and profits of the real property to pay the debts of the decedent. The Executor no longer has any right to possession of the real property, and it is mandatory on the court to order the Executor to deliver possession to the devisees. The respondent court has no jurisdiction to take any act on the petition for possession except to grant the same on the facts set forth in the record here.

The alternative writ is made permanent.

UDALL, C. J., LOCKWOOD, V. C. J., and STRUCKMEYER and BERNSTEIN, JJ., concurring.