*322
DECISION AND ORDER

(AMENDED)[1]
I. INTRODUCTION AND BACKGROUND
[1] This is an appeal from a final judgment of the Hopi Tribal Court in case number 2007-CV-0068 that was filed on August 27, 2007. Appellants timely filed their notice of appeal on September 14, 2007. This Court has proper jurisdiction to hear this appeal pursuant to Hopi Tribal Ordinance 21, § 1.2.5.
[2] The relevant facts in this case are not disputed. On October 16, 2006, the Hopi Tribal Council removed Ivan Sidney. Sr., from the Office of Chairman of the Hopi Tribe pursuant to Article V, § 2, HOPI CONST. The Tribal Council then set dates for a Special Election to fill the vacancy of the Office of Chairman for the remainder of the unexpired term of Mr. Sidney. A primary election date was set for January 25, 2007, and a general election date was set for February 7, 2007.
[3] In 1984, the Hopi Tribe adopted the Hopi Election Ordinance. See Hopi Ordinance 34. Its purpose was to establish procedures to ensure fair elections for the offices of Chairman and Vice-Chairman. See Ordinance 34, § 1. The Ordinance creates a five member Election Board to carry out the intent of the ordinance. One duty of the Board is to rule upon the qualifications of candidates for the Office of Chairman in a manner consistent with the Hopi Constitution and By-Laws. See Ordinance 34 § 4(6)(B). The Ordinance provides that any decision made by the Board may be appealed to the Hopi Tribal Court within five days of the date of the decision. See Ordinance 34, § 7(3) (as amended).
[4] Appellee, Benjamin Nuvamsa, applied to the Election Board to be a candidate for the Office of Chairman in the Special Election. The Board reviewed his qualifications, including his residency status, and certified him as a candidate for the Office of Chairman on January 10, 2007. According to Appellee, the Board affirmed its decision on January 18, 2007, January 23, 2007, and on February 4, 2007, in light of questions raised about his residency qualifications. The Election Board’s certification was not withdrawn or otherwise revoked. On January 18, 2007, the Election Board met with the Tribal Council about Mr. Nuvamsa’s residency. The Tribal Council took no action.
*323 [5] On Jamiary 24, 2007, the Primary Election was conducted for the Office of Chairman. Appellee and Harry Nutumya, another candidate, garnered the most votes out of fourteen candidates. The results were certified by the Election Board. On February 4, 2007 the Election Board again met with the Hopi Tribal Council. At that time. Councilmen again raised questions about the residency qualifications of Appellee, but again, the Council took no action.
[6] The Election Board conducted the February 7, 2007 general election, which Appellee won. The results were certified by the Election Board and notices were sent out on February 8, 2007. Appellee was sworn into office on March 1, 2007 and began to preside over tribal council meetings.
[7] On March 27, 2007 the Hopi Tribal Council passed Resolution # H-036-2007 purporting to nullify the February 7, 2007 election and its results. The resolution states that the Election Board’s determination of Appellee’s residency qualifications was based on insufficient documents and that residents of the villages of Shun-gopavi and Hotevilla did not know of Ap-pellee having a residence at either village. This latter assertion was based upon a questionnaire signed by 29 tribal members. Pursuant to the passage of Resolution # H-036-2007, Tribal Secretary Mary Felter notified Appellee by letter dated March 27, 2007 that Appellee’s term of office was terminated.
[8] On April 4, 2007 Appellee filed his Verified Complaint and Petition for Temporary Restraining Order, Preliminary and Permanent Injunctive Relief against the named Appellants in their official and unofficial capacities. Appellee asserted that the acts of Appellants violated the Hopi Constitution, the Hopi Election Ordinance, and federal law. See Indian Civil Rights Act, 25 U.S.C. § 1302 et seq. He specifically alleged that the actions of the Appellants were ultra vires and therefore the Appellants lacked the protection of sovereign immunity. He requested (among other prayers for relief) that the court find that Resolution # H-036-2007 was unlawful and was of no force or effect. Appellants argued that the doctrine of sovereign immunity deprives the tribal court of jurisdiction to hear the matter, that failure to join the Hopi Tribe requires dismissal for failure to join an indispensable party, and that any action taken by the Tribal Council was lawful.
[9] On August 27, 2007 Judge Pro Tempore Geoffrey Tager issued his Order Striking Resolution # H-036-2007 as unconstitutional. The sole relief granted was the determination that the resolution was unconstitutional and therefore is without effect of law. Appellants appeal this decision.[2]
II. SOVEREIGN IMMUNITY
[10] The Appellants argue on appeal that the trial court erred as a matter of law because the trial court held that sovereign immunity does not bar suit *324 against the named Appellants, L-mes of law are reviewed de novo by this court. See Nevayaktewa v. Hopi Tribe, No. 97-AC-000004, 1 Am. Tribal Law 306, 1998 WL 35281677 (Hopi Ct.App.1998) and Coin v. Mowa, No. 95-AC-005 (Hopi Ct.App. 1997). We find that the trial court erred as a matter of law as to the named council members[3] and find that the doctrine of sovereign immunity bars lawsuits against them. The decision below is reversed, in part. We further find that Appellants Todd Honyaoma and Mary Felter are proper parties to this lawsuit and the doctrine of sovereign immunity does not bar an action against them in their official capacities for the reasons set forth below.
[11] An Indian tribe cannot be sued without its consent. In US Fidelity & Guaranty Co., federal courts extended the doctrine of sovereign immunity to Indian tribes. See United States v. United States Fidelity & Guar. Co., 309 U.S. 506, 512, 60 S.Ct. 653, 84 L.Ed. 894 (1940). This means a tribal government cannot be sued unless they agree to be sued. See also Santa Clara Pueblo v. Martinez, 436 U.S. 49, 98 S.Ct. 1670, 56 L.Ed.2d 106 (1978). Our case law has recognized and applied this legal doctrine to actions against the Hopi Tribe. See Martin v. The Hopi Tribe, AP-004-95 (Hopi Ct App., 1995). The “Hop! Tribe may claim Sovereign Immunity in Hopi courts against claims brought by members of the Hopi Tribe” absent a valid waiver. Id., at 11. See also Youvella v. Dallas, AP-00002-96 (Hopi App.Ct.1997) (“The trial court has broad discretion to investigate the issue of sovereign immunity when faced with a motion to dismiss for lack of subject matter jurisdiction.”)
[12] The doctrine of sovereign immunity extends to actions of individual governmental officers operating within the scope of their authority since “the sovereign can only act through agents.” Larson v. Domestic & Foreign Commerce Carp., 337 U.S. 682, 688, 69 S.Ct. 1457, 93 L.Ed. 1628 (1949); Tenneco Oil Co. v. Sac & Fox Tribe of Indians, 725 F.2d 572, 576 (10th Cir.1984) (McKay, J., concurring). We have similarly held that the doctrine of sovereign immunity enjoyed by the Hopi Tribe extends to tribal officials acting within the scope of their authority in their official capacities. Youvella v. Dallas, 1 Am. Tribal Law 338, 1998 WL 35281674 (Hopi Ct.App. 1998). However, tribal officials are not protected by the doctrine of sovereign immunity when they act beyond the scope of their authority. “[T]ribal officials are not necessarily immune from suit[;] when such officials act beyond their authority, they lose their entitlement to the immunity of the sovereign.” See Imperial Granite Co. v. Pala Band of Mission Indians, 940 F.2d 1269, 1271 (9th Cir.1991) (citing Santa Clara, 436 U.S. at 59, 98 S.Ct. 1670; and Ex parte Young, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908)).
[13] It is well established that where a tribal official acts and such action is based upon an unconstitutional law, then that official is not protected by the doctrine of sovereign immunity. In Tenneco Oil Company, the tenth circuit court of appeals discussed, at length, this precise point. In that case, Tenneco held leases for gas and oil on the Sac and Fox trust lands. The tribe enacted several ordinances purporting to impose certain licensing, organizational and taxation requirements on Tenneco. Tenneco sued a *325 number of Sac and Fox tribal officials in their official capacity for declaratory and injunctive relief. Tenneco argued that the tribal ordinances were unconstitutional, or were an invalid exercise of Indian sovereignty over non-Indians, or were preempted by federal regulation of oil and gas leases on Indian land. There the court stated:
The Tribe argues that a sovereign can only act through its agents and that to permit a suit against these agents would permit a suit against the sovereign in effect, even if not in name. This reasoning has been followed in cases where the Tribe’s power to perform the action at issue was unquestioned. See, e.g., Kenai Oil and Gas, Inc. v. Dept. of Interior, 522 F.Supp. 521 (D.Utah), aff'd and remanded, 671 F.2d 383 (10th Cir.).
The situation is different, however, when the law under which the official acted is being questioned. State of Wisconsin v. Baker, 464 F.Supp. 1377 (W.D.Wis.). When the complaint alleges that the named officer defendants have acted outside the amount of authority that the sovereign is capable of bestowing, an exception to the doctrine of sovereign immunity is invoked. Larson v. Domestic & Foreign Commerce Corp., 337 U.S. 682, 69 S.Ct. 1457, 93 L.Ed. 1628. If the sovereign did not have the power to make a law, then the official by necessity acted outside the scope of his authority in enforcing it, making him liable to suit. Any other rule would mean that a claim of sovereign immunity would protect a sovereign in the exercise of power it does not possess.
See Tenneco Oil Co., 725 F.2d at 574 Clearly, a tribal official whose actions are based upon an unconstitutional law cannot claim immunity from suit to prevent judicial review of an unconstitutional law.
[14] For this reason, a plaintiff seeking to question the constitutionality of a statute must sue the official in charge of implementing or enforcing the statute in question. In Kelley v. United States, the court stated:
Significantly, the doctrine of sovereign immunity is not always applicable to suits filed against federal entities or officials. In particular, one of the well-established exceptions to the doctrine limits its application in declaratory and/or injunctive suits against federal entities or officials seeking to enjoin the enforcement of an unconstitutional statute. Dugan v. Rank, 372 U.S. 609, 621-22, 83 S.Ct. 999, 10 L.Ed.2d 15 (1963); Malone v. Bowdoin, 369 U.S. 643, 647-48, 82 S.Ct. 980, 8 L.Ed.2d 168 (1962); Larson v. Domestic & Foreign Commerce Corp., 337 U.S. 682, 689-90, 69 S.Ct. 1457, 93 L.Ed. 1628 (1949); Tenneco Oil Co. v. Sac and Fox Tribe, 725 F.2d 572, 574 (10th Cir.1984); Kozera v. Spirito, 723 F.2d 1003, 1008 (1st Cir.1983). As the Court noted in Larson, the doctrine does not apply in such cases because “the conduct against which specific relief is sought is beyond the officer’s power and is, therefore, not the conduct of the sovereign.” 337 U.S. at 690 [69 S.Ct. 1457]. “Any other rule would mean that a claim of sovereign immunity would protect a sovereign in the exercise of power it does not possess.” Tenneco Oil Co., 725 F.2d at 574. We find this exception applicable to the claims filed by plaintiffs in this case.
Kelley v. United States, 69 F.3d 1503, 1507 (10th Cir.1995). In this case, the petitioner below, Benjamin Nuvamsa, questioned the constitutionality of Tribal Resolution # H-036-2007. He sued all Tribal Council members in both their official and unofficial capacities, tribal Vice-Chairman, Todd Honyaoma, Tribal Secretary, Mary Felter, *326 candidate Harry Nutumya, and Armand Fritz.[4]
[15] Only Tribal Secretary, Mary Felter. and Vice-Chairman, Todd Honyao-ma, were charged by the Council to take action to enforce the resolution. On March 27, 2007, under the authority of Resolution # H-036-2007, Mary Felter notified Appellee by letter that he was hereby removed from office as tribal chairman. On May 18, 2007, Todd Honyaoma notified Appellee that, pursuant to Resolution # H-036-2007, the Tribal Council was refusing to recognize the temporary restraining order granted by this Court, Mr. Honyaoma directed Appellee by letter to immediately vacate tribal offices and informed him that the Council would not pay Appellee’s salary or allow him to occupy tribal offices any longer. Because Appellants, Mary Felter and Todd Honyaoma, acted to enforce or implement the resolution they are officers whose acts are outside the scope of their authority. Therefore, they are not immune from lawsuits seeking to declare the resolution unconstitutional.
[16] The remaining Appellants were not responsible for implementing or enforcing Resolution # H-036-2007. As such, the doctrine of sovereign immunity shields their actions and they are not liable in their official or unofficial capacities. The decision of the tribal court is reversed as to those Appellants and the matter is dismissed as to them.
III. INDISPENSABLE PARTY
[17] The Appellants assert that the Hopi Tribe is an “indispensable party” to this action and that Appellee’s failure to join the tribe requires dismissal of this matter pursuant to HIRCCP, Rule 10(c). That rule states:
To the greatest extent possible given the limited jurisdiction of the Hopi Tribal Court, all persons or parties interested in a particular action may be joined in the action, but failure to join a party over whom the Court has no jurisdiction will not require dismissal of the action unless it would be impossible to reach a just result without such party; otherwise, the failure to join a party may be taken into account to assure that justice is done.
Our procedural rule regarding joinder of parties is permissive rather than mandatory. It specifically states that “failure to join a party over whom the Court has no jurisdiction will not require dismissal of the action ...” Therefore, to dismiss this matter, the Appellants must show that “it would be impossible to reach a just result without such party ...” The Appellants have failed to persuade us that a just result could not be reached in this matter without the Hopi Tribe as a party.
The underlying issue in this matter was whether Resolution # H-036-2007 was a constitutionally valid resolution of the Hopi Tribe. The Hopi Tribe is protected by the doctrine of sovereign immunity and this court does not have jurisdiction over the Tribe unless the Tribe waived it. As demonstrated above, tribal officers charged with enforcement of the resolution are not protected. The officers of the Tribe are therefore required to answer and defend the constitutionality of the resolution. They have done so. Because the relief granted was limited to declaratory relief, there is no basis to join the Tribe to complete the relief. We therefore find that the Tribe is not an *327 indispensable party, and affirm the trial court’s decision on this issue.
IV. CONSTITUTIONALITY OF RESOLUTION H-036-2007
[19] The trial court found that Resolution # H-036-2007 was without lawful authority and its passage violated the terms of the Hopi Constitution. Appellants argue on appeal that the trial court erred as a matter of law and asks us to reverse its decision. The constitutionality of a statute or resolution is a question of Hopi law. Questions of Hopi law are reviewed de novo by this Court. See Nevayaktewa v. Hopi Tribe, No. 97-AC-000004, 1 Am. Tribal Law 306 (Hopi Ct.App.1998) and Coin v. Mowa, No. 95-AC-005 (Hopi Ct.App.1997). We are therefore not bound by the trial court’s legal conclusion in reviewing this matter.
[20] The primary question before this Court is whether the Tribal Council has constitutional authority to enact Resolution # H-036-2007. Appellants now characterize Resolution # H-036-2007 as a review of delegated powers that has been exercised by a tribal committee. Appellants argue that review of delegated powers by a tribal committee is a valid exercise of council powers pursuant to HOPI CONST. Art. VI, § 1(1).[5] That section states:
SECTION 1. The Hopi Tribal Council shall have the following powers which the Tribe now has under existing law or which have been given to the Tribe by the Act of June 18, 1934. The Tribal Council shall exercise these powers subject to this Constitution and to the Constitution and Statutes of the United States.... (1) To delegate any power of the Council to a committee or officers, keeping the right to review any action taken.
Accordingly, Appellants argue that the Hopi Election Board is a committee or officers of the Tribe which has been delegated a Tribal Council power to conduct and regulate elections. Therefore, Appellants conclude that the Tribal Council has the right to directly review the actions of the Election Board.
[21] There are several significant problems with this characterization of the resolution. First, there are no provisions within Ordinance Sí for direct Tribal Council review, nor provisions allowing Tribal Council to nullify of an otherwise properly conducted election. Direct review and nullification of an election by the Tribal Council would amount essentially to an amendment of the ordinance with a retroactive effective date. The exercise of power in this manner would destabilize all established law. No one could rely upon any ordinance (our statutory law) because it could be retroactively changed the next day.
[22] For example, a parent entitled to child support (pursuant to the Parental Responsibilities Ordinance, Ordinance 53) could find one day she is no longer entitled to child support because Council decided to repeal the ordinance. Under Appellants’ theory, the parent who received child support could be forced to pay it *328 back to the other parent because the Council could decide to retroactively repeal the ordinance. In that case, the other parent would be under no duty to pay current or past child support because the law requiring him or her to pay was retroactively repealed. He might then sue for payment of what he had already paid for child support. What would prevent, under the Appellants’ argument, an influential councilman who is arrested for assault from persuading the Council to retroactively amend Ordinance 21 to exempt himself from prosecution? Or, what would prevent the Council from nullifying an election because they simply didn’t like the person elected? Under Appellants’ theory justifying the Council’s action, there would be no stable law.
[23] Second, assuming arguendo, that such an amendment was permissible, our Hopi law would require at a minimum the application of fundamental fairness in the review proceeding-prior notice and an opportunity to be heard. See Johnson v. Belgarde, AP-003-94 (Hopi Ct. App., 1996). Further, the Indian Civil Rights Act would require the holding of a formal hearing with its attendant protections to ensure its guarantee of due process of law. As far as the record reflects, we cannot see that there was a hearing, or that notice and an opportunity to be heard was provided to the Appellee before the Council made its decision. The failure to provide notice or an opportunity to he heard would at minimum violate Appellee’s right to fundamental fairness as embodied in our constitution and as recognized by our case law.
[24] Importantly, we need not reach these issues as we reject Appellants’ characterization of Resolution # H-036-2007. The Resolution was not intended to review an action of a tribal committee, The text of the resolution did not express an intent to review. No hearings were scheduled to conduct such a review, nor were further hearings scheduled to undertake an investigation. There was no issue left to be reviewed. The resolution was intended to act upon a determination already reached by the Council. Because the Council failed to act earlier, it allowed the election to be held and allowed the Appellee to be sworn into office. The Council’s belated attempt to disqualify the Appellee as a candidate for Chairman is not a review of a tribal committee as that time had passed with the inauguration on March 1, 2007.
[25] Benjamin Nuvamsa went through the procedural formalities to invest him in the Office of Chairman. He won the popular vote in a duly sanctioned election of the Hopi Tribe. His election to the Office of Chairman was certified by the Election Board on February 8, 2007. He was sworn into office at the Tribal Council chambers. He sat briefly and presided over Tribal Council meetings. All of these events took place publicly. He, according to our laws, is Chairman of the Hopi Tribe.
[26] We find that the intent of Resolution # H-036-2007 was to remove the Benjamin Nuvamsa from the office of Tribal Chairman. Removal of a tribal chairman is governed by our constitution in HOPI CONST., Article V, §§ 1 and 2. Section one provides that a chairman shall be automatically removed if found guilty of a misdemeanor involving dishonesty, or of a felony, or of drunkenness. Section two provides that any officer may be removed for serious neglect of office after a full opportunity afforded to the officer to hear and defend himself or herself against the charges alleged. Neither section is invoked here. Thus, the Council has no authority pursuant to Article V of the Hopi Constitution to remove the Chairman in the manner they chose in this case.
*329 [27] There are no other express (written) provisions within our constitution for the removal of a chairman. We are faced then with the question of whether or not the Appellants have implied authority to remove a chairman pursuant to HOPI CONST. Art. VI, § 1(1). As shown above, this section authorizes the Council to review the decisions of its committees and officers. HOPI CONST. Art.VI, § 1(1) does not address the removal of a chairman. Any authority pursuant to this section to remove a chairman would have to be implied. We find that the specific provisions of HOPI CONST. Art. V regarding the removal of a chairman were intended by the framers of our constitution to be the sole grounds and means for removal. We conclude that HOPI CONST. Art. VI, § 1(1) does not provide Council implied authority to remove a chairman.
[28] The Tribal Council has not demonstrated that it has the authority to remove a chairman outside the context of HOPI CONST. Art. V. Nor has it demonstrated that it has implied constitutional authority to do so. As such, we affirm the lower court’s findings and conclusions of law that Resolution # H-036-2007 is void because Council was without lawful authority to enact it. We therefore affirm the trial court finding that Resolution # H-036-2007 is an unconstitutional act and without the effect or force of law.
V. CONCLUSION
[29] Today we hold that a tribal official enforcing an unconstitutional law may be sued for declaratory and injunctive relief. While this is a well settled method for holding government officers accountable to their constitutions in other jurisdictions, it is also critical for protecting and promoting the rule of law at Hopi. While the residency issue underlying the election of Chairman Nuvamsa is foremost in the minds of the public, this appeal deals with a far more dangerous harm, that of a potentially unrestrained, unaccountable legislature. For this reason, we affirm the trial court’s order.
So Ordered.

. This decision and order supersedes our pri- or decision and order filed on January 23, 2007.

. Appellants also assert that the trial court violated their right to due process of law because the trial court failed to allow Appellants an opportunity to file a response to Appellee's motion for summary judgment and to hold a hearing on the motion. Appellants have not cited to where in the record this objection was made before the trial court. The Appellants have not introduced transcripts to support a possible oral objection. They did not cite a formal written objection. Nor did they file a motion for relief from judgment in the trial court. As the Appellants have not cited the record that they have made this objection, we find in the absence of a preserved objection, Appellants waived this objection on appeal and therefore do not address this argument.

. The named council Appellants are: Jerry Sekayumptewa, Caleb H. Johnson, Clifford B. Qotsaquahu, Leon Koruh, Phillip R. Quochy-tewa, Sr., Davis Pecusa, Lyman W. Polacca, Alvin Chaca, Gary Hayah, and Anna M. Silas.

. Neither Hany Nutumya nor Armand Fritz filed a notice of appeal in this case and the Notice of Appeal filed by Appellants does not include them on their notice. They are therefore not parlies to this appeal as they have not properly appealed this matter.

. We note that Resolution # H-036-2007 did not base its authority on HOPI CONST. Art VI § 1 (1) as now argued by Appellants. Instead, the resolution asserted that the Council's authority to enact the resolution was pursuant to HOPI CONST. Art. VI, § 1(a). That section states: "To represent and speak for the Hopi Tribe in all matters for the welfare of the Tribe, and to negotiate with federal, state, and local governments, and with the councils or governments of other tribes." Clearly, the intent of this section is to enable the Tribe to advocate and negotiate on behalf of the Tribe to other governments. As no other governments are involved in this matter, we find no authority for the Council to enact this resolution pursuant to this section.